**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| GEOFFREY and CHARLOTTE ANDERSON, | No. 55581-6-II |
| Respondents, | |
| v. | |
| STUART and JANET MCCOLL, | UNPUBLISHED OPINION |
| Appellants. | |

WORSWICK, J. — Stuart McColl appeals from the superior court's denial of his motion to reconsider a district court antiharassment order prohibiting him from surveilling his neighbors, Geoffrey and Charlotte Anderson. McColl argues that the protection order violates his due process right to surveil his neighbors' allegedly illegal activity. We disagree and affirm.

FACTS

This case arises from a strained neighbor relationship. McColl contends that his neighbors, the Andersons, conducted illegal fires on their property in violation of fire and clean air codes. To support his contentions, McColl engaged in video and photographic surveillance of the Andersons' property. In 2020, the Andersons petitioned the district court for an antiharassment order of protection from McColl.

The district court entered an antiharassment order of protection prohibiting McColl from attempting to contact, surveilling, or coming within 50 feet of the Andersons. The protection order also prohibited McColl from posting signage directed at the Andersons' use of their

property. McColl appealed the protection order to superior court, arguing that the protection order violated his due process rights to surveil the Andersons' allegedly illegal activity. The superior court denied McColl's appeal. McColl moved for reconsideration, which the superior court denied.

McColl appeals the superior court's order denying his motion for reconsideration.

ANALYSIS

McColl argues that the superior court erred by denying his motion for reconsideration because the district court's antiharassment protection order violates his due process right to surveil his neighbors' allegedly illegal activity. We disagree.

RCW 10.14.080 authorizes the district court to enter an antiharassment order if a victim shows reasonable proof of harassment. McColl does not challenge the district court's finding of harassment. Rather, he contends that being restrained from surveilling his neighbors violates his constitutional due process rights. However, McColl fails to cite any authority to support his contention that he has a due process right to surveil his neighbors. No absolute right to photograph or videotape someone exists. *State v. Noah*, 103 Wn. App. 29, 42, 9 P.3d 858 (2000).

"Protecting citizens from harassment is a compelling state interest." *Noah*, 103 Wn. App. at 41. RCW 10.14.080 authorizes the court to order a defendant have no contact with his intended victim. Specifically, RCW 10.14.080(6)(b) authorizes the court to prohibit a harasser from "making any attempts to keep the [victim] under surveillance." The antiharassment order for protection entered against McColl is consistent with the statute and does not impermissibly

No. 55581-6-II

infringe upon McColl's due process rights. Accordingly, we hold that the superior court did not

err by denying McColl's motion for reconsideration of the antiharassment protection order.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the

Washington Appellate Reports, but will be filed for public record in accordance with RCW

2.06.040, it is so ordered.

Worswick, P.J.

We concur:

Lee, J.

Veljacic, J.

3